# ARSENEAULT & FASSETT, LLP

JACK ARSENEAULT
DAVID W. FASSETT
ANGEL M. DeFILIPPO

ATTORNEYS AT LAW

560 MAIN STREET
CHATHAM, NEW JERSEY 07928
(973) 635-3366
FAX (973) 635-0855
EMAIL info@af-lawfirm.com

JOHN J. ROBERTS⁺
GREGORY D. JONES

⁺ ALSO ADMITTED IN NEW YORK

May 6, 2020

***Via ECF Only***

Hon. John Michael Vazquez, USDJ
U.S. Courthouse & Post Office Building
2 Federal Square
Newark, NJ 07101

      **Re:**   ***United States v. Joseph Taub***
           **Criminal. No. 18-79**

Dear Judge Vazquez:

      We submit this letter in response to the Government's letter submission, dated May 5, 2020, by which it noticed the Court of its intent to unilaterally void its own plea agreement—in the absence of Defendant's breach—if Defendant's plea is not entered by May 29, 2020. The Government neither cites authority for its ability to do so nor argues that the plea agreement will be frustrated in any way if not entered by May 29, 2020. Accordingly, we cannot but object to its stated ability to void a valid and binding plea agreement in the absence of Defendant's breach.

      The above notwithstanding, we recognize that the Court may order an in-person plea hearing if Mr. Taub does not consent to proceed with same through video. It is to that possibility that we direct the remainder of this letter, explaining certain circumstances as they relate to Mr. Taub.

      As the Government well knows, Mr. Taub and his immediate family have been profoundly affected by the ongoing pandemic. His wife's father, with whom they were all very close, died of COVID-19 complications after spending considerable time in intensive care. Mr. Taub's father, as well, was hospitalized with the virus and placed in intensive care, but fortunately appears to be recovering. Mr. Taub himself and several of his six young children, including a five-month-old, have contracted the virus and were unable to receive medical treatment for extended periods of time. Many of them, including the infant, remain symptomatic. Several of Mr. Taub's siblings and their families have also contracted the virus and suffered acutely. And through all this, their forced isolation, particularly as members of a tight-knit community and *especially* during a time of grieving, has wreaked havoc on their mental states and general well-being.

      On top of the mental and physical trauma the Taubs have and continue to suffer, Mr. Taub's wife's design business, which has been the family's sole source of income, has come to a complete halt

ARSENEAULT & FASSETT, LLP
ATTORNEYS AT LAW

for obvious reasons. What's more, their inability to file tax returns for the past few years while Mr. Taub's cases remained pending has left her unable to apply for the small business loans and other government relief made available in response to the ongoing pandemic. This has left the Taub family utterly dependent on support from within their community to cover their basic needs, as well as unable to pay for repairs to leaks in their home which would obviate their need to have buckets and pots placed about their house whenever it rains.

Simply put, Mr. Taub, his wife, and their six kids have all suffered acutely and been traumatized by the ongoing pandemic, and they understand the dangers of this virus in ways that all of us can only hope we never will. As it remains unknown whether Mr. Taub or his family have fully recovered from COVID-19 or, even if they have, whether antibodies immunize one from contracting the virus a second time or whether there is not also a mutated variant of the virus, they are deathly afraid of unnecessary trips outside their family home.

Mr. Taub negotiated and entered into the plea agreement in good faith and was fully committed to enter his plea on March 27, 2020. That good faith and commitment remains the same today. As the Court is aware, the entrance of a guilty plea is a serious and solemn affair never to be taken lightly. Mr. Taub understands that and desires to enter his plea in person, as is his right. With this knowledge, it is hard to understand the Government's seemingly arbitrary insistence upon risking the safety and health of Mr. Taub as well as that of the Court, court personnel, the reporter, and all counsel, knowing full-well that some of those number (including one of the undersigned) and members of their immediate families are or may be regarded to be at heightened risk of an adverse outcome should they contract this virus.

It is for that reason that we respectfully requested that Mr. Taub's plea hearing be rescheduled "to a date after the ongoing health crisis has abated" and the courts have been returned to normal function. Now, in light of the Government's letter, it seems it must be said that if, indeed, Mr. Taub is ordered to appear for a hearing scheduled before such time as he, his family, and others involved can feel safe doing so, that he will so obey but that such obedience will have been effectively coerced, without apparent purpose and at potentially transcendent cost.

Mr. Taub was and is ready and willing to proceed with the plea hearing. The world changed and has delayed the process, but the plea agreement remains the same and isn't going anywhere as humanity battles a novel virus. Mr. Taub remains committed to that agreement and will enter his plea when so ordered by the Court. For all the reasons set forth above, we again respectfully request that same not be until the ongoing public health crisis has abated.

ARSENEAULT & FASSETT, LLP
ATTORNEYS AT LAW

Respectfully,

/s/ Jack Arseneault

/s/ Greg Jones

cc:    Joseph Taub
       Daniel V. Shapiro, AUSA
       Catherine R. Murphy, AUSA
       Jennifer S. Kozar, AUSA