20168R0002/DVS/CM/JK/SD/jw

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. John Michael Vazquez |
| v. | : | Crim. No. 18-79 |
| JOSEPH TAUB, | : | CONSENT JUDGMENT OF FORFEITURE (*MONEY JUDGMENT*) AND PRELIMINARY ORDER OF FORFEITURE |
| Defendant. | : | |
| | : | (*FINAL AS TO THE DEFENDANT*) |

On or about March 27, 2020, pursuant to a plea agreement with the United States, defendant Joseph Taub ("Taub" or the "defendant") pleaded guilty to two counts of the Indictment, specifically, *Count Four*, securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2; and *Count Five*, conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (the "Plea Agreement").

In the Plea Agreement, the defendant agreed to forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all of his right, title, and interest in all property he obtained that constitutes or is derived, directly or indirectly, from proceeds traceable to securities fraud, contrary to 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5 (which is an offense constituting specified unlawful activity, as defined in 18 U.S.C. § 1956(c)(7)), as charged in Count Four of the Superseding Indictment, to which Taub is pleading guilty, which Taub further agrees was $17.1 million.

In the Plea Agreement, Taub further agreed that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, and that the United States is therefore entitled to forfeit substitute assets equal to the aggregate value of the forfeitable property described above, in an amount not to exceed $17.1 million (the "Money Judgment").

In the Plea Agreement, the defendant further agreed to forfeit to the United States all of his right, title and interest in the Specific Properties listed in Attachment A to the Superseding Indictment (the "Specific Properties")—in an amount up to the net liquidation value of $17.1 million—which the defendant admits had the requisite nexus to the offense charged in Count Four of the Superseding Indictment and are therefore subject to forfeiture as property, real or personal, that constitutes or is derived, directly and indirectly, from proceeds traceable to the commission of the securities fraud offense to which Taub is pleading guilty, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

In the Plea Agreement, the defendant further waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; consented to the entry of judgment of forfeiture that may become final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure; acknowledged he understood that the criminal forfeiture to which he consented is part of the sentence that may be imposed in this case; waived any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the

Federal Rules of Criminal Procedure at the guilty plea proceeding; and waived any and all claims that the forfeiture constitutes an excessive fine and agreed that the forfeiture does not violate the Eighth Amendment.  The defendant further acknowledged that any forfeiture of his assets will not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Having accepted the Plea Agreement and the record as a whole, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### ***Money Judgment***

1.      All property, real or personal, Taub obtained that constitutes or is derived, directly and indirectly, from proceeds traceable to securities fraud, contrary to 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5 (which is an offense constituting specified unlawful activity, as defined in 18 U.S.C. § 1956(c)(7)), as charged in Count Four of the Superseding Indictment, to which Taub is pleading guilty, and all property traceable to such property, which Taub agrees was $17.1 million, is forfeited to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

2.      The defendant having conceded that one or more of the criteria set forth in 21 U.S.C. § 853(p) are met, the United States is entitled to forfeit proceeds and/or substitute assets equal to the aggregate value of the above-described forfeitable property, which was $17.1 million (the "Money Judgment"). A Money Judgment in the amount of $17.1 million is hereby entered against the

defendant, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, 21 U.S.C. § 853(p), and Federal Rule of Criminal Procedure 32.2(b).

3. All payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4. All payments on the Money Judgment are forfeited to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p).  The United States Marshals Service shall deposit such payments in its Seized Assets Deposit Account, and upon clearing of the financial instrument, shall deposit the funds in the Assets Forfeiture Fund, for disposition according to law.  The United States shall have clear title to such payments, proceeds, and/or substitute assets up to the amount of the Money Judgment ($17.1 million).

5. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon the Court's acceptance of Taub's plea agreement, and until the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of substitute assets to satisfy this Money Judgment, or in connection with any petitions filed with regard to substitute assets, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

### *Forfeited Specific Property*

6. As a further result of the defendant's conviction of the offense charged in Count Four of the Superseding Indictment, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), and based upon the plea agreement, all of the defendant's right, title and interest the Specific Properties listed in Attachment A to the Superseding Indictment (the "Specific Properties"), in an amount up to the net liquidation value of $17.1 million, which the defendant admits had the requisite nexus to the offense charged in Count Four of the Superseding Indictment, to which Taub is pleading guilty, is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

7. In order to ensure that the full net liquidation value of the Specific Properties up to the value of $17.1 million is reached, the Restraining Order entered on December 9, 2016 by the Honorable John M. Vazquez ("the Restraining Order") in the instant case shall remain in full force and effect until the entry of final orders of forfeiture as necessary to reach the net liquidated value of $17.1 million for the Specific Properties in full.

8. The Government and Taub agree to consent to the entry of orders releasing certain of the Specific Properties from the Restraining Order as necessary to realize $17.1 million from the net liquidated value of the Specific Properties, until the net liquidated value of $17.1 million has been reached in full.

9. The government, in its exercise of its sole discretion, and considering maximization of value, among other factors, will determine which of the Specific Properties will be applied to or liquidated to meet the $17.1 million net liquidated value. Taub may submit information, documents, and recommendations to the Government to assist in the liquidation of the Specific Properties in order to satisfy the Money Judgment. The Government will give due consideration to all information provided by Taub, but the Government will retain ultimate discretion regarding the liquidation of assets.

10. No portion of the Specific Properties will be released from the Restraining Order to Taub until the Government has realized $17.1 million from the net liquidated value of the Specific Properties.

11. Upon the Government's receipt and deposit of $17.1 million in satisfaction of the Money Judgment, the Government shall immediately file a satisfaction of judgment, move to vacate the Restraining Order as to any Specific Properties that have not been liquidated, and release its interest—as it relates to the above-captioned case and the Related Criminal Case—in Specific Properties that have not been liquidated.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service, its agent or designee shall maintain or take possession of the Specific Properties and hold such property in its secure custody and control.

13. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order

for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

14.     Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Properties, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Properties, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Properties, any additional facts supporting the petitioner's claim, and the relief sought.

15.     Any person, other than the defendant, claiming interest in the Specific Properties must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

16. Upon adjudication of all third-party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

17. Any forfeited money and the net proceeds derived from the sale of forfeited Specific Properties will be applied to the Money Judgment, in partial satisfaction thereof.

### *Other Provisions*

18. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant, shall be made part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

19. This Order shall be deemed part of the sentence of the defendant under the Plea Agreement and shall be included in the judgment of conviction therewith.

20. The Clerk of the Court is directed to enter a Criminal Forfeiture Money Judgment against the defendant in favor of the United States in the amount of $17.1 million.

21. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

22. Should this Court reject the Plea Agreement, this Order shall be voidable by either party.

Dated:  Newark, New Jersey
         July 28, 2020

_____

_____
HON. JOHN MICHAEL VAZQUEZ
United States District Judge

*The undersigned hereby consent to the form and entry of this Order:*

CRAIG CARPENITO
United States Attorney

_____  Dated: 7/22/20
By:   DANIEL V. SHAPIRO
       CATHERINE R. MURPHY
       JENNIFER KOZAR
       Assistant United States Attorneys

_____  Dated: 2/27/2020
JACK ARSENEAULT, ESQ.
Attorney for Defendant

_____  Dated: 2/27/2020
JOSEPH TAUB, Defendant